IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Criminal Action No. 07-cr-00215-WDM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    CHARLES EDWARD CURTIS,

    Defendant.

## ORDER ON MOTION FOR RETURN OF PERSONAL PROPERTY

Miller, J.

This matter is before me on Defendant's Motion for the Release of Property (doc no 72). Defendant was arrested on April 19, 2007 pursuant to an outstanding arrest warrant. During the subsequent search of his belongings, the officers recovered, *inter alia*, $1075 in cash, a stun gun, and a cell phone. Defendant seeks the return of these items, arguing that they are unrelated to his charges and have no evidentiary value. Defendant was sentenced on June 6, 2008 upon entry of a guilty plea to two counts of bank robbery. The sentence includes a term of imprisonment and restitution in the amount of $29,121.47. The government opposes the motion on grounds that a co-conspirator of Defendant, also indicted on the same two counts of bank robbery as the subject of Defendant's plea, was thereafter apprehended and is awaiting trial in a pending case entitled *United States v. Andretti*, 07-cr-519-REB. The government contends that the money is evidence in the *Andretti* case and is the subject of a pending criminal forfeiture action. The stun gun and cell phone are also evidence in the co-conspirator's case.

The government is entitled to retain legally seized evidence until the conclusion of a criminal case. *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1212 (10th Cir. 2001) ("the general rule is that 'seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated'") (citation omitted). Since the property is still evidence in an ongoing criminal prosecution, and the money is the subject of a forfeiture proceeding at which Defendant may assert his interest, Defendant is not entitled to the return of the property at this time.

Accordingly, it is ordered:

1. Defendant's Motion for the Release of Property (doc no 72) is denied without prejudice to refiling after the resolution of *United States v. Andretti*, 07-cr-519-REB.

DATED at Denver, Colorado, on July 14, 2008.

BY THE COURT:


s/ Walker D. Miller
United States District Judge